**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

GREGG J. STANLEY                                    CIVIL ACTION

VERSUS                                              NO. 10-4453

HOWARD PRINCE                                       SECTION "F"(5)

<u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary. <u>See</u> 28 U.S.C. §2254(e)(2).[1] For the following reasons, it is recommended that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

I.   <u>STATE COURT PROCEDURAL BACKGROUND</u>

The petitioner, Gregg Stanley, is a state prisoner who is presently incarcerated at Elayn Hunt Correctional Center in St.

---

[1] Under 28 U.S.C. §2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. §2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. §2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. §2254(e)(2)(B).

Gabriel, Louisiana.  On May 23, 1997, Stanley was charged by bill of information with first degree robbery in violation of LSA-R.S. 14:64.1.  Stanley pled not guilty and the matter proceeded to trial on September 17, 1997.  At trial, a twelve person jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson returned a unanimous verdict of guilty as charged.  Stanley was sentenced to 20 years at hard labor without benefit of parole, probation, or suspension of sentence.  Thereafter, the State filed a multiple bill alleging that Stanley was a second felony offender.  Stanley, on May 22, 1998, stipulated to the multiple offender bill of information and entered a plea of guilty.  The trial judge vacated the original sentence for first degree robbery and sentenced Stanley in connection with the multiple bill of information to 25 years at hard labor without benefit of parole, probation, or suspension of sentence.  On February 10, 1999, the Louisiana Fifth Circuit Court of Appeal affirmed Stanley's conviction and sentence, but remanded the matter with instructions for the district court to advise Stanley of his prescriptive period for seeking post-conviction relief.  State v. Stanley, 729 So.2d 33 (La. App. 5 Cir. 1999).  On June 25, 1999, the Louisiana Supreme Court denied Stanley's writ application.  State v. Stanley, 745 So.2d 1186 (La. 1999).  Stanley's conviction became final 90 days later, on September 23, 1999, when the 90-day period for seeking a writ of certiorari from the U.S. Supreme Court expired and no

application therefor was made. <u>See</u> U.S. Sup. Ct. R. 13(1); <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694 (5th Cir. 2003), <u>cert. denied</u>, 529 U.S. 1099 (2000) (citing 28 U.S.C. §2244(d)(1)(A)).

On February 20, 2002, Stanley filed a post-conviction application with the state district court.[2] On March 11, 2002, the state district court denied Stanley's post-conviction application as untimely.[3] On April 11, 2002, the Louisiana Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of March 11, 2002," denied Stanley's post-conviction writ application. <u>Stanley v. Cain</u>, No. 2002-KH-354 (La. App. 5 Cir. 2002) (unpublished opinion).[4] On May 2, 2003, the Louisiana Supreme Court denied Stanley post-conviction relief based on procedural grounds, citing, in support of its decision, "La.C.Cr.P. art. 930.8; <u>State ex rel. Glover v. State</u>, 93-2330 (La. 9/5/95), 660 So.2d 1189; La.C.Cr.P. art. 930.3; <u>State ex rel. Melinie v. State</u>, 93-1380 (La. 1/12/96), 665 So.2d 1172." <u>State ex rel. Stanley v.</u>

_____

[2]A copy of Stanley's post-conviction application is contained in the State rec., vol. 4 of 6. In <u>Causey v. Cain</u>, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition. Under the "mailbox rule", the date a <u>pro se</u> prisoner's pleading is provided to prison officials for mailing is the date it is considered filed. <u>See</u> <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Stanley dated his signature on the application on February 20, 2002. This date is the earliest date on which Stanley could have submitted his pleadings to prison officials for mailing.

[3]A copy of the state district court's March 11, 2002 Order is contained in the State rec., vol. 4 of 6.

[4]A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 4 of 6.

<u>Cain</u>, 842 So.2d 1093 (La. 2003).

Thereafter, Stanley made two more attempts to attain state post-conviction relief.  His efforts in this regard culminated on October 29, 2010, when the Louisiana Supreme Court once again denied relief based on procedural grounds, finding Stanley's writ application to be untimely pursuant to La.C.Cr.P. art. 930.8 and repetitive pursuant to La.C.Cr.P. art. 930.4.  <u>State ex rel. Stanley v. State</u>, 48 So.3d 287 (La. 2010).

II.  <u>FEDERAL HABEAS PETITION</u>

On December 27, 2010, Stanley paid his filing fee resulting in the filing of the instant federal habeas corpus petition wherein two claims are raised:  1) he received ineffective assistance of counsel; and, 2) the trial court erred in denying him a new trial based on newly discovered evidence.  (Rec. doc. 3).  In its response (rec. doc. 8), the State argues that the instant action is untimely.  The State also argues that Stanley did not exhaust his state court remedies with respect to his ineffective assistance of counsel claim, and that Stanley's claims are procedurally defaulted.

III. <u>GENERAL STANDARDS OF REVIEW</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C.

§2254.  The AEDPA went into effect on April 24, 1996[5] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Stanley's petition, which, for reasons discussed below, is deemed filed in this federal court on November 22, 2010.[6]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. §2254(b), (c)).  In this case, the State raised the defenses of limitations, failure to exhaust, and procedural default. Although the record establishes that each of the defenses has

---

[5]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[6]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. As noted earlier, under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper, 70 F.3d at 379.  Stanley's petition was filed by the clerk of court on December 27, 2010.  Stanley dated his signature on the application on November 22, 2010.  This date is the earliest date on which Stanley could have submitted his pleading to prison officials for mailing.

merit, the petition may be dismissed in its entirety as untimely filed.

IV.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his §2254 petition within one year of the date his conviction became final.[7]   <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).   Stanley's conviction became final on September 23, 1999, when the period expired for him to seek a writ of certiorari from the U.S. Supreme Court expired.

Therefore, under a literal application of the statute, Crawford had until September 23, 2000, to file his federal habeas corpus petition, which he did not do.   His petition must be dismissed as untimely, unless the one-year statute of limitations

---

[7]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
  A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
  C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
  D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. §2244(d).

6

period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Stanley has not asserted any reason, and the court can find none, that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions to entitle him to equitable tolling. See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at

715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction

8

proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must conform with a state's applicable procedural filing requirements. Williams v. Cain, 217 F.3d 303, 306 (5th Cir. 2000). In Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005), quoting Carey v. Saffold, 536 U.S. 214, 226 (2002), the Court provided: "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)."

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey, 536 U.S. at 219-20; Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. <u>Dillworth v. Johnson</u>, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); <u>Nara v. Frank</u>, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Stanley's case on September 24, 1999, the day after his conviction became final. The limitations period ran uninterrupted for 365 days, until September 24, 2000, when it expired. Stanley had no properly filed state post-conviction or other collateral review pending during that period. As outlined above, Stanley did not sign and submit his application for post-conviction relief to the state trial court until February 20, 2002. The later filed pleadings do not entitle him to tolling or effect the timeliness calculation herein. <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir.

2000).

The record establishes that, after his conviction became final, Stanley allowed over one year to lapse without any properly filed state court proceedings and without having filed a timely federal petition for habeas corpus relief.  His state post-conviction application was filed with the state district court on February 20, 2002, over a year after the expiration of the AEDPA filing period on September 24, 2000.  The petition must be dismissed as untimely.

### RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Gregg Stanley for issuance of a writ of habeas corpus under 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415,

11

1430 (5th Cir. 1996)(en banc).[8]

New Orleans, Louisiana, this <u>21st</u> day of ____<u>June</u>____, 2011.


_____

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

_____

[8] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

12